IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL DE J. VELEZ, JR., et al.,     *
                                      *
        Plaintiffs,                   *
                                      *
v.                                    *        CIVIL NO. 98-2310 (JP)
                                      *
ANGIE VARELA LLAVONA, et. al.,        *
                                      *
        Defendant                     *
_____       *

## ORDER

Before the Court is Varela and Reyes' Motion to Dismiss for
Failure to Comply with Order (**docket No. 38**), Co-defendants Dr.
Olga Ramos de Juliá and Carmen H. León's Informative Motion and
Request for Sanctions for Failure to Comply with Court Order
(**docket No. 37**), Plaintiffs' Informative Motion (docket No. 36).
On August 11, 1999, the Court held an Initial Scheduling Conference
in which it ordered Plaintiffs to personally deliver to the Court
and Defendants copies of the seven (7) memos that Plaintiff Vélez
claims to have written regarding irregularities and
misappropriation of funds perpetuated by Council members. (ISC
Order at p.9, § IV (A)).

At the Conference, the Court expressed its dismay at
Plaintiffs' council's lack of preparation for the ISC, and failure
to provide the seven memos which form the basis of Vélez's
Complaint. The Court emphasized the importance of compliance with
the Initial Scheduling Call and Order, and further, ordered
Plaintiff's council to hand deliver copies of the memos to both the



CIVIL NO. 98-2310 (JP)                2

Court and Defendants' council by 9:30 a.m. on August 12, 1999.

Plaintiffs filed an Informative Motion with the Court on August 12, 1999 at 10:31 a.m., including copies of the seven memoranda.  According to Defendants, however, at the time they filed their motions, at 4:41 p.m. for Co-defendants Ramos and Leon, and 6:37 p.m. for Co-defendants Varela and Reyes, they had not received copies of the memoranda.  Defendants ask the Court to sanction Plaintiffs for their failure to follow this Court's clearly articulated Order.  Co-defendants Ramos and Leon ask the Court to "take whatever action it should deem proper," while Co-defendants Varela and Reyes seek the dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2). Plaintiffs never filed an Opposition to Defendants' Motions.

The Court finds that sanctions against Plaintiffs are appropriate, although not the severe sanction of dismissal at this stage.  The First Circuit has stated that "[t]here is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried." Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983).  Nevertheless, dismissal is "an extreme remedy, and should not lightly be engaged." Aoude v. Mobil Oil Corp., 892 F.2d 1115, (1st Cir. 1989).  A district court may only dismiss a case as a sanction "'when circumstances make such action appropriate,'" and should "carefully balance the policy favoring

CIVIL NO. 98-2310 (JP)                    3

adjudication on the merits with competing policies such as the need

to maintain institutional integrity and the desirability of

deterring future misconduct.  Id. (quoting Link v. Wabash R.R. Co.,

370 U.S. 626, 633 (1962)).

The Court finds that the actions by Plaintiffs up to this

point in the instant case, though negligent and in violation of the

Court's ISC Order, do not warrant the sanction of dismissal.  The

Court believes a monetary sanction is appropriate, and thus, hereby

**SANCTIONS** Plaintiffs in the amount of **$1,000.00** to be paid to the

Clerk of the Court on or before **September 17, 1999.**  Plaintiffs are

advised to heed any and all future Court Orders or risk further

sanctions.

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of September, 1999.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE