IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL DE J. VELEZ, JR., et al.,          *
                                          *
        Plaintiffs                        *
                                          *
v.                                        *       CIVIL NO. 98-2310 (JP)
                                          *
ANGIE VARELA LLAVONA, et al.,             *
                                          *
        Defendant                         *
_____*

**ORDER**

Before the Court is Plaintiffs' Manuel de J. Vélez, Jr., Carmen Lacomba, and the conjugal partnership constituted between them (collectively, "Plaintiffs") Motion for Consideration of Order Imposing Monetary Sanctions of $1,000.00 to be Paid On or Before September 17, 1999 (**docket No. 47**), co-defendants Angie Varela Llavona ("Varela") and Rafael Reyes Javier's ("Reyes") Motion for Order Excluding Plaintiff's Documentary Evidence (**docket No. 42**), and Varela and Reyes' Renewed Motion to Dismiss for Failure to Comply with Initial Scheduling Order (**docket No. 37**).

On August 11, 1999, the Court held an Initial Scheduling Conference. At the Conference, the Court expressed dismay at Plaintiffs' counsel's lack of preparation for the ISC, and its failure to provide seven memoranda which form the basis of Vélez's Complaint. The Court therefore ordered Plaintiffs to personally

CIVIL NO. 98-2310 (JP)                    2

deliver to the Court and Defendants, by 9:30 a.m. on August 12, 1999, copies of the seven memoranda that Plaintiff Vélez claims to have written regarding irregularities and misappropriation of funds perpetuated by Council members. (ISC Order at p.9, § IV (A)).

Plaintiffs filed an Informative Motion with the Court on August 12, 1999, at 10:31 a.m., including copies of the seven memoranda. According to Defendants, however, at the time they filed their motions, at 4:41 p.m. for Co-defendants Ramos and León, and 6:37 p.m. for Co-defendants Varela and Reyes, they had not received copies of the memoranda. The Court found that sanctions against Plaintiffs were appropriate both for the late filing and the lack of preparation of Plaintiffs' counsel at the ISC, and imposed a sanction of $1,000.00.

In its Motion for Consideration, Plaintiffs contend that the delay in filing the seven memoranda was attributable to the actions of third parties, and not Plaintiffs' counsel. Plaintiffs further notes that the Court's admonition to Plaintiffs' counsel in its Order of September 3, 1999 was sufficient sanction, and requests the $1,000.00 sanction be set aside.

The Rule governing sanctions for discovery violations, Federal Rule of Civil Procedure 37, allows a Court to sanction a party for

CIVIL NO. 98-2310 (JP)                 3

failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). If a court has entered an order compelling discovery and a party has disobeyed the order, the court may impose sanctions including dismissal of the action, prohibiting the party who violated the order from introducing designated matters into evidence, and requiring the party to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. See id.; United States Fidelity & Guaranty Co. v. Baker Material Handling Co., 62 F.3d 24, 29 (1st Cir. 1995). The choice of sanctions for violation of a discovery order is committed to the sound discretion of the trial court. See Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999). Plaintiff's violation of the ISC Order in failing to provide the seven memoranda by 9:30 a.m., even though such memoranda were ultimately served on all relevant parties and the Court on August 12, 1999, may have been slight but demonstrates an unseemly disregard for the Court's Order and case management system. The Court, therefore, will reduce but not set aside its previous Order. The Court's Order of September 3, 1999 is hereby **AMENDED**, to reflect a sanction of $500.00, rather than $1,000.00. Plaintiffs **SHALL**, on or before **November 5, 1999**, pay the

CIVIL NO. 98-2310 (JP) 4

$500.00 sanction to the Clerk of the Court, and **SHALL** so certify to the Court by motion filed on that same day.

In Co-defendants Varela and Reyes' Motion for Order Excluding Plaintiff's Documentary Evidence and Renewed Motion to Dismiss for Failure to Comply with Initial Scheduling Order, they inform the Court that Plaintiff has again disobeyed the Initial Scheduling Conference Order by failing to deliver to Defendants "all documents listed in their ISC memo as documentary evidence . . ." by August 18, 1999, see ISC Order, p.9, VI(B), and further allege that Plaintiffs have not provided Co-defendants with the addresses of Plaintiffs' witnesses to enable Co-defendants to subpoena those witnesses for their depositions. To sanction Plaintiffs for their defiance of the Court's Order and the non-production of the relevant addresses, Co-defendants ask the Court to dismiss the Complaint or to issue an order prohibiting Plaintiffs from introducing into evidence the documentary evidence listed in Plaintiffs' ISC memo. Plaintiffs filed no opposition to either of Co-defendants' Motions.

The purpose of the Initial Scheduling Conference and Order is to streamline litigation and reduce the cost and delay that is so frequently characteristic of federal court litigation. Congress had these goals it mind when it passed the Civil Justice Reform Act, and

CIVIL NO. 98-2310 (JP)                5

this Court implements these goals with its own case management system, namely the Initial Scheduling Call, Conference, and Order. Plaintiffs' unexcused delay in providing documents and addresses affects both the Court's case management system and Defendants' preparation for trial. At the ISC, both parties were aware of and agreed to the discovery schedule and other deadlines set forth in the ISC Order.

The imposition of monetary sanctions to be paid to the Court as a punitive sanction in order to deter attorney neglect of their obligations before the Court is appropriate under Rule 37(b)(2). See Jaen v. Coca-Cola Co., 157 F.R.D. 146, 149-50 (D. Puerto Rico 1994) (Pieras, J.). In light of Plaintiffs' willful noncompliance with the deadline set in the ISC Order for the production of all the documentary evidence listed in its ISC memo, Plaintiff is hereby **SANCTIONED** in the amount of $500.00, to be paid to the Clerk of the Court on or before **November 5, 1999**, and **SHALL** so certify to the Court by motion filed on that same day. This is in addition to the $500.00 sanction for Plaintiffs' earlier violation of the ISC Order. Further, the Court hereby **ORDERS** Plaintiffs to produce to all Defendants, on or before **October 29, 1999**, all documentary evidence listed in its ISC memo and the addresses of all Plaintiffs'

AO 72A
(Rev.8/82)

CIVIL NO. 98-2310 (JP)                6

witnesses, and **SHALL** so certify to the Court by motion filed on that same day. The Court admonishes Plaintiffs that continued noncompliance with the Court's Orders may result in the imposition of further sanctions, including the sanction of dismissal of the Complaint. See <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); <u>Guex v. Allmerica Financial Life Ins. & Annuity Co.</u>, 146 F.3d 40, 41 (1st Cir. 1998).

**SO ORDERED.**
In San Juan, Puerto Rico, this 20 day of October, 1999.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)